**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 3, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP818**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CV1965

**IN COURT OF APPEALS
DISTRICT I**

SOUTHWEST AIRLINES CO. AND AIRTRAN AIRWAYS, INC.,

PLAINTIFFS-APPELLANTS,

V.

STATE OF WISCONSIN DEPARTMENT OF REVENUE,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Dane County: RICHARD G. NIESS, Judge. *Affirmed.*

Before Brash, P.J., Dugan and Donald, JJ.

¶1 BRASH, P.J. Southwest Airlines Company and AirTran Airways, Inc. (collectively, "the Airlines") appeal the order of the trial court granting the motion for summary judgment of the Department of Revenue ("DOR") and denying the Airlines' motion for summary judgment. The Airlines had filed the underlying

action against the DOR seeking adjustments on their 2013 and 2014 property assessments—and, as such, refunds on the amounts they paid in property taxes—based on their assertion that they qualified for the "hub facility" exemption during those tax periods.

¶2      In granting the DOR's motion, the trial court found that it was an undisputed material fact that the Airlines did not meet the statutory requirements of a hub facility in either of those tax periods.  We agree and affirm.

## BACKGROUND

¶3      Property tax assessments for air carrier companies are determined by annual reports submitted to the DOR by the air carriers.  *See* WIS. STAT. § 76.07 (2017-18).[1]  The DOR assesses the total market value of the property of the air carrier companies, and then calculates the percentage of that assessment which should be attributed to Wisconsin.  *See id.*

¶4      However, an air carrier company may claim an exemption from paying the property taxes imposed as a result of its assessment if it qualifies as a "hub facility."  *See* WIS. STAT. § 70.11(42).  There are several ways set forth in the statute by which an air carrier company may demonstrate that it is a hub facility, including establishing that it operated a minimum number of departing flights each weekday during the property assessment year.[2]  *See* § 70.11(42)(a)2.a.  Air carriers

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] The 2013 assessment year runs from January 1, 2012 through December 31, 2012; the 2014 assessment year is from January 1, 2013 through December 31, 2013.

2

seeking the exemption must submit flight records to support their claims to the DOR.

¶5      With regard to this case, Southwest and AirTran merged in May 2011, with Southwest being the "acquiring or controlling carrier[.]"  Southwest's Air Carrier Certificate was amended to include AirTran on March 1, 2012; however, AirTran continued flying under its own name until December 2014.

¶6      Additionally, for the property assessment years for which the Airlines are seeking the hub facility exemption—2013 and 2014—Southwest and AirTran filed separate air carrier reports with the DOR.  Furthermore, neither Southwest nor AirTran sought the hub facility exemption at the time the 2013 and 2014 assessments were being determined, nor did either airline submit flight information for those years for review by the DOR.

¶7      Both Airlines were subsequently audited by the DOR:  Southwest received its audit notice in December 2014 for assessments done for the years 2010-2013; AirTran received its notice in September 2016 for assessments done from 2011-2014.  While going through the audit process—which included reviewing flight data for 2013 and 2014—the Airlines believed that collectively their flight data met the requirements for the hub facility exemption.  The Airlines requested that the DOR make adjustments to the information that they had originally submitted with their original air carrier reports for 2013 and 2014, as provided by WIS. STAT. § 76.075, to allow for the exemption to be applied.  However, those requests were denied by the DOR.

¶8      The Airlines then filed the underlying action against the DOR in August 2017 seeking the amount they collectively paid in property taxes for 2013 and 2014—$4,177,574.00—asserting that their aggregate flight data met the

3

requirements for the hub facility exemption. Both the Airlines and the DOR filed motions for summary judgment, agreeing that the material facts of the case were undisputed.

¶9 The trial court found that the Airlines had not satisfied the statutory minimum number of weekday flights required to qualify for the hub facility exemption in either 2013 or 2014. Therefore, the court granted summary judgment in favor of the DOR, and denied the Airlines' motion. This appeal follows.

## DISCUSSION

¶10 This court reviews the trial court's decision to grant summary judgment *de novo*, applying the same methodology. ***Kohn v. Darlington Cmty. Sch.***, 2005 WI 99, ¶11, 283 Wis. 2d 1, 698 N.W.2d 794. Summary judgment is granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). When parties file cross-motions for summary judgment, it is "generally the equivalent of a stipulation of facts permitting the trial court to determine the case on the legal issues presented." ***BMO Harris Bank, N.A. v. European Motor Works***, 2016 WI App 91, ¶15, 372 Wis. 2d 656, 889 N.W.2d 165.

¶11 Since the parties agreed that the material facts of the case were undisputed, the trial court focused on the legal issue of whether the Airlines had met the statutory requirements for a hub facility for their 2013 and 2014 assessments, finding this issue to be dispositive. In making its determination, the trial court interpreted the statutory definition of "hub facility," as set forth in WIS. STAT. § 70.11(42)(a)2. The purpose of statutory interpretation "is to determine what the

4

statute means so that it may be given its full, proper, and intended effect." ***State ex rel. Kalal v. Circuit Court for Dane Cty.***, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation is a question of law, which we also review *de novo*. ***DOR v. River City Refuse Removal, Inc.***, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶12     The definition of a "hub facility," as relevant here, is:

> A facility at an airport from which an air carrier company operated at least 45 common carrier departing flights each weekday in the prior year and from which it transported passengers to at least 15 nonstop destinations, as defined by rule by the [DOR], or transported cargo to nonstop destinations, as defined by rule by the [DOR].

WIS. STAT. § 70.11(42)(a)2.a.

¶13     The Airlines contend that they "substantially" met the statutory requirements for being a hub facility. For the 2013 assessment, the Airlines concede that there were six weekdays during the 2012 calendar year in which they did not meet the minimum forty-five departing flights required by WIS. STAT. § 70.11(42)(a)2.a. However, they argue that these shortfalls were due to holidays or bad weather. For the 2014 assessment, the Airlines assert that the weekday flight minimum was met based on the average number of departing flights that were scheduled.

¶14     The Airlines further contend that substantially meeting the requirements of WIS. STAT. § 70.11(42)(a)2.a. is sufficient for purposes of qualifying for the tax exemption based on the "strict but reasonable" interpretation that is applied to tax exemption statutes. ***Covenant Healthcare Sys., Inc. v. City of Wauwatosa***, 2011 WI 80, ¶22, 336 Wis. 2d 522, 800 N.W.2d 906 (citation omitted). That standard recognizes that "[t]ax exemption statutes are to be strictly construed

5

against granting an exemption," but does not mean that courts are required to interpret the statute with "the narrowest possible reading or an unreasonable construction." *Id.*

¶15 However, statutory interpretation cannot "read into the statute language that the legislature did not put in." ***Brauneis v. LIRC***, 2000 WI 69, ¶27, 236 Wis. 2d 27, 612 N.W.2d 635. A plain reading of WIS. STAT. § 70.11(42)(a)2.a. indicates that to qualify as a hub facility, that Airlines were required to "*operate*[] *at least* 45 common carrier *departing flights* each weekday" during the assessment year for which it seeks the exemption. *Id.* (emphasis added). The statute does not provide exceptions to the weekday minimum number of flights for holidays or bad weather; it does not allow for consideration of the *average* number of weekday flights of an airline; and it does not permit using the number of *scheduled* flights, but rather requires that airlines count only the number of flights that were operational—that is, those that actually *departed*—in order to meet that minimum.

¶16 When a statute "manifests a clear meaning, our inquiry ceases and we will apply that meaning." ***River City Refuse Removal, Inc.***, 299 Wis. 2d 561, ¶26. Furthermore, we assume that the language of a statute "expresses the legislature's intent." *Id.* Had the legislature wanted to provide for exceptions to the weekday flight minimum, or permit other calculations as a means of achieving the minimum number of weekday flights, we must presume that it would have included such specific language in the statute. *See id.* Simply put, based on the language of the

statute as currently written and the undisputed facts of this case, the Airlines cannot prevail.[3]

¶17     Therefore, we affirm the trial court's grant of summary judgment in favor of the DOR.

*By the Court.*—Order affirmed.

Not recommended for publication in the official reports.

---

[3] The Airlines presented several other arguments on appeal that are inapposite given our decision. *See **Maryland Arms Ltd. P'ship v. Connell***, 2010 WI 64, ¶48, 326 Wis. 2d 300, 786 N.W.2d 15 ("Issues that are not dispositive need not be addressed."). The Airlines also raise a number of constitutional arguments, including that the DOR violated the Uniformity Clause of the Wisconsin Constitution. However, their arguments merely cite general standards without applying those standards to the facts of this case, and we therefore will not consider them. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we may decline to review arguments that do not have "developed themes reflecting any legal reasoning" and are supported by "only general statements").